Elizabeth Gillis WARDEN,
Plaintiff—Appellant,

v.

Lisa CROSS, an individual;  et al.,
Defendants—Appellees,

and

Mita Shaw, an individual, Defendant.

No. 02–57171.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2004.*

Decided March 19, 2004.

* This panel unanimously finds this case suit-
able for decision without oral argument.  *See*
Fed. R.App. P. 34(a)(2).

J. Brian Urtnowski, Irvine, CA, for Plaintiff–Appellant.

Paul K. Schrieffer, P. K. Schrieffer LLP, West Covina, CA, Robert M. Dato, Esq., Stephan, Oringher, Richman & Theodora, P.C., Costa Mesa, CA, Kristen J. Heim, O'Flaherty, Cross, Martinez, Ovando & Hatton, Anaheim, CA, Sandra Mc Donough, Paul, Plevin, Sullivan & Connaughton, San Diego, CA, for Defendants–Appellees.

Before: NOONAN, KLEINFELD, Circuit Judges, and WHITE,[**] District Judge.

## MEMORANDUM [***]

Elizabeth Warden ("Warden" or "appellant") appeals from the district court's dismissal of her RICO action alleging that the doctors she had sued in state court for medical malpractice conspired to commit perjury and altered and/or suppressed evidence during the state court action. After Warden obtained a large damage award in the underlying state action, the trial court sanctioned the doctors, an expert witness, and their counsel for perjury and withholding evidence. In the underlying federal action, the district court held that Warden failed to allege facts demonstrating the necessary predicate acts to maintain a RICO claim and also dismissed Warden's supplemental state law claims.

■ The district court correctly determined that state claims based upon allegations of perjury are privileged under California Civil Code § 47(b), since the claims involved acts of communication pursuant to the course of litigation. Indeed, § 47(b) provides litigation privilege for judges, attorneys, and witnesses for "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom, and no function of the court or its officers is involved." *Silberg v. Anderson,* 50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365, 369 (Cal.1990). The code provides an absolute shield from liability or suit for all claims except malicious prosecution. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 270 Cal.Rptr. 1, 791 P.2d 587, 594–95 (Cal.1990).

■ The district court also correctly found that Warden's state law claims based upon allegations of spoilation of evidence are barred. In *Cedars–Sinai Medical Center v. Superior Court,* 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511 (Cal. 1998), the California Supreme Court held that a tort cause of action does not lie against a person who has intentionally destroyed or suppressed evidence relevant to a lawsuit. *See also Temple Cmty. Hosp. v. Superior Court,* 20 Cal.4th 464, 84 Cal. Rptr.2d 852, 976 P.2d 223, 225 (Cal.1999). The California Supreme Court has recognized that sanctions within the original proceeding and resort to legislative process are preferable to derivative litigation, and that a tort remedy for spoilation of

[**] The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

evidence would produce an endless string of derivative actions. *See id.* at 227–28.

As to appellant's argument that discovery sanctions "were of absolutely no use" because her injuries were suffered following the state trial, the record is clear that Warden was awarded sanctions in the underlying state trial because of the defendants' spoilation of evidence.

As described below, the district court properly dismissed Warden's RICO claim. To begin, a properly pleaded RICO claim must allege that the defendant engaged in conduct of an enterprise through a pattern of racketeering activity. *See Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987). An enterprise is "an ongoing organization, formal or informal ... that ... function[s] as a continuing unit." *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

 Here, the association of doctors, lawyers, expert witnesses. and insurance company does not an enterprise make. Nor do Warden's allegations satisfy the continuity requirement, because she did not plead that, these entities continue to function as one unit following the conclusion of the underlying state action.

Additionally, Warden failed to sufficiently plead a "pattern of racketeering activity." 18 U.S.C. § 1961 defines a "pattern of racketeering activity" as at least two acts of racketeering activity, the last of which occurred within ten years after the prior act of racketeering activity. 18 U.S.C. § 1961(5). The Supreme Court has stated that the pattern requirement is fulfilled by a showing of "continuity of racketeering activity, or its threat." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 241, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

Simply put, a single "episode" does not satisfy the pattern requirement. *See Sev-*

*er v. Alaska Pulp Corp.,* 978 F.2d 1529, 1535–36 (9th Cir.1992). Here, the only conceivable RICO enterprise was the defense of physician defendants in the underlying state action. This "enterprise" ended with the state judge's imposition of discovery sanctions.

Finally, Warden cannot demonstrate the predicate act of mail or wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Warden does not—and cannot—explain how appellees obtained through use of the mail or wires "by means of false or fraudulent pretenses" any of her property interests. 18 U.S.C. § 1343.

Warden's assertions that the district court erroneously exercised supplemental jurisdiction over the state law claims, despite having dismissed the RICO claims, also lack merit. 28 U.S.C. § 1367(c) simply provides that a district court *"may decline to exercise supplemental jurisdiction"* over remaining state claims after the district court has dismissed all claims over which it exercised original jurisdiction. *Id.* (emphasis supplied).

 Here, the district court acted within its discretion in retaining the state law claims, despite dismissing the federal claims, because none of the state law claims presented novel issues of state law. Moreover, the district court dismissed the RICO claims *without* prejudice, meaning that it still retained jurisdiction as to the federal claims. Warden was free to amend her federal claims, and chose not to.

We **AFFIRM** the judgment of the district court.